UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 14-cr-00369-MEJ |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| SALAZAR, | |
| Defendant. | Re: Dkt. No. 19 |

## INTRODUCTION

On February 5, 2015, the Court sentenced Defendant to three years of probation for one count of Operating a Motor Vehicle with a Blood Alcohol Content ("BAC") of 0.08% or Greater in violation of 36 C.F.R. § 1004.23(a)(2), a Class B misdemeanor. Dkt. No. 12; *see* Dkt. No. 13. To date, Defendant has served approximately 18 months of his sentence. With the exception of one positive test for marijuana (*see* Dkt. No. 15), he has complied with the terms of his probation, (Mot. at 2). He has paid the required fines, completed his DUI classes, and obtained auto insurance. *Id.*; Exs. A-C, Amram Decl., Dkt. No. 20. He is employed as a maintenance technician at an apartment complex and works 40 hours a week. Ex. D, *id.*

Defendant now moves for early termination of his probation pursuant to 18 U.S.C. § 3564(c). Mot., Dkt. No. 19. The Government opposes the Motion. *See* Dkt. No. 21. Defendant's Probation Officer also opposes early termination. *Id.* at 2. For the reasons set forth below, the Court **DENIES** Defendant's Motion and **VACATES** the August 25, 2016 hearing.

## LEGAL STANDARD

Early termination of probation is governed by 18 U.S.C. § 3564(c), which requires courts to first consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, as well as the Federal Rules of Criminal Procedure. 18 U.S.C. § 3564(c). The § 3553(a) factors

1 include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Khan*, 2012 WL 2906590, at *2 (N.D. Cal. July 13, 2012) (citing 18 U.S.C. § 3553(c)).

## DISCUSSION

Early termination of Defendant's probation is not appropriate at this time. Absent Ninth Circuit guidance on the application of 18 U.S.C. § 3564(c) to early termination of probation, courts in this district apply the standard for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). *See United States v. Hilton*, 2014 WL 3728176, at *2 (N.D. Cal. July 28, 2014). Sections 3564(c) and 3583(e) both require consideration of the factors set forth in § 3553(a) to determine if early termination is appropriate. *See* 18 U.S.C. §§ 3564(c), 3583(e). Section 3583(e) allows courts to modify the terms and conditions of supervised release "'in order to account for new or unforeseen circumstances.'" *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Changed circumstances that warrant modification include, for instance, a defendant's "'exceptionally good behavior'" or his inability to pay a fine. *Id.* (quoting *Lussier*, 104 F.3d at 36). In such situations, a "previously imposed term or condition of release [is rendered] either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.* (quoting *Lussier*, 104 F.3d at 36).

Given the nature of Defendant's crime, history, and characteristics, and taking into account his behavior while on probation thus far, the Court finds there is no indication that Defendant will commit another offense if his probation is terminated early. As such, it does not appear that early termination will endanger the public.

That said, the need for deterrence favors keeping the terms of Defendant's probation the same. He has also successfully found employment; thus, there is no need to modify the probation

1  terms to allow him to receive educational or vocational training.  Defendant also owes no
2  restitution.
3        The Court recognizes Defendant has for the most part complied with the terms of his
4  probation and does not wish to minimize his achievements.  Nevertheless, mere compliance does
5  not justify early termination.  *Hilton*, 2014 WL 3728176, at *3 (N.D. Cal. July 28, 2014)
6  ("Compliance with the conditions of probation is expected of an offender on probation and does
7  not, alone, warrant early termination."); *United States v. Khan*, 2012 WL 2906590, at *3 (N.D.
8  Cal. July 13, 2012) ("Although it is true that Defendant's conduct has been good—that is, he has
9  complied with all of the terms of his probation thus far—the interests of justice do not require that
10 Defendant's probation be terminated early."); *United States v. Hawatmeh*, 2014 WL 11970544, at
11 *4 (C.D. Cal. Sept. 19, 2014) ("[F]ederal courts have generally held that something more than
12 compliance with the terms of probation is required to justify early termination pursuant to 18
13 U.S.C. § 3583(e)(1).  Early termination is usually granted only in cases involving changed
14 circumstances, such as exceptionally good behavior." (internal quotation marks and brackets
15 omitted)).  Defendant presents no evidence of exceptional behavior or changes in his ability to pay
16 the imposed fine—indeed, Defendant has already paid his fine in full—to justify early termination
17 of his probation.

## CONCLUSION

19     The § 3553(a) factors do not compel early termination of Defendant's probation.
20 Moreover, his compliance with the terms of his probation thus far, while encouraging, alone does
21 not warrant early termination.  Accordingly, the Court **DENIES** Defendant's Motion.
22     **IT IS SO ORDERED.**
23 Dated: August 18, 2016

MARIA-ELENA JAMES  
United States Magistrate Judge