UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>                Plaintiff,<br><br>   v.<br><br>SALAZAR,<br><br>                Defendant. | Case No. 14-cr-00369-WHO-1<br><br>**ORDER AFFIRMING DENIAL OF EARLY TERMINATION OF PROBATION**<br><br>Re: Dkt. No. 22, 24 |

Raymond Salazar has substantially complied with his conditions of probation since his conviction on February 5, 2015, when he was sentenced to three years' probation. Judgment (Dkt. No. 13). He moved for early termination of his probation in light of his good behavior, but while Magistrate Judge James recognized Salazar's compliance with the terms of probation, she denied his motion. Order Denying Mot. for Early Termination ("Prior Order")(Dkt. No. 22). He appealed to district court. The standard of review on this appeal is abuse of discretion. *United States v. Nixon*, 839 F.3d 885, 887 (9th Cir. 2016). After considering Judge James's opinion and the briefing and argument of counsel, I affirm.

Salazar makes a policy argument that this District grants significantly fewer early termination motions than the Eastern District and Central District. Mot. for Early Termination at 4–5 (Dkt. No. 19). The statistics he cites are by no means dispositive on that subject, since they do not include the relevant sample sizes of potentially eligible cases from each District. It is not easy to obtain that information, however, and it does appear that Salazar may be correct. Obviously, the policy argument has no bearing on whether Judge James abused her discretion in Salazar's case, but it is worthy of note.

Salazar also argues that *United States v. Emmett*, 749 F. 3d 817 (9th Cir. 2014) is the most

recent authority on point for reviewing motions for early termination and that Judge James did not cite it in her opinion. That is true. But the statutory authority she cited is correct and the cases on which she relied are good law, so no error was committed.

*Emmett* acknowledges that district courts enjoy broad discretion in determining whether to grant a motion to terminate supervised release. *Emmett*, 749 F.3d at 819. As set forth in 18 U.S.C. § 3583(e), the court is to consider a subset of the sentencing factors in 18 U.S.C. § 3553(a) and terminate if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. *Id*. A court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination. *Id*. No one factor, such as undue hardship, must be demonstrated. *Id*. However, a court must explain its reasoning. *Id*. at 820–21.

In *Emmett*, the Ninth Circuit remanded the case because the district judge only explained, "Defendant has not provided any reason demonstrating that continuing supervised release imposes any undue hardship on defendant." *Id*. at 819. Standing alone, failure to prove undue hardship was not a reason for rejecting Emmett's arguments. *Id*. The Ninth Circuit noted that the court's reasoning need not be extensive but it must contain an explanation that permits meaningful appellate review. [1] *Id*. at 821.

In contrast to the district court in *Emmett*, Judge James issued a three page decision. Prior Order (Dkt. No. 22). She correctly identified her task under 18 U.S.C. § 3564(c) to consider the relevant factors under 18 U.S.C. § 3553(a) and the Federal Rules of Criminal Procedure. *Id*. at 1–2, and she did so. She determined that there is no indication that Salazar would commit another offense if his probation was terminated early. *Id*. at 2. And she found no evidence of exceptional behavior or changed circumstances that overrode her determination that the need for deterrence favors keeping the terms of his probation the same. *Id*. She noted twice that compliance alone does not warrant early termination. *Id*. at 3.

Salazar contends that Judge James failed to apply the proper legal standard because she failed to cite *Emmett* and seemed to require evidence of exceptional behavior or changed

---

[1] The Ninth Circuit did "not presume [the district court's] decision rested on a misapprehension of the law." *Emmett*, 749 F.3d at 820.

circumstances to grant the motion. This is too narrow an interpretation of her decision, which makes clear that she considered all of the 3553(a) factors in relation to Salazar and found that, while he is in compliance with the terms of his release, she did not see a reason to terminate probation early. *Id.* at 2–3 ("The § 3553(a) factors do not compel early termination of Defendant's probation. Moreover, his compliance with the terms of his probation thus far, while encouraging, alone does not warrant early termination.") To be sure, if she had considered the 3553(a) factors and terminated his probation based on his compliance during the last two years, I would have affirmed that decision. But the essence of Salazar's argument is that anyone who is in compliance after a significant period of time should be terminated unless there is a good reason to the contrary. That may or may not be good policy in general, but it is not the law.

The burden of proof is on the defendant to show why he is eligible for termination of probation, and the court has broad discretion. The Ninth Circuit found in *Emmett* that even though the district court mentioned only one factor in its analysis, its finding "is best interpreted as one reason why early termination is not in the 'interest of justice' and held that the court did not apply an incorrect legal standard. *Emmett*, 749 F.3d at 820. Judge James gave a far more robust explanation of her analysis than the trial court in *Emmett*. She considered all the 3553(a) factors and concluded, for Salazar, that deterrence favored serving the full term of probation. Under *Emmett*, I cannot conclude that Judge James failed to apply the correct legal standard.

Salazar's behavior on probation has been encouraging, and I echo Judge James's perspective that there is no indication that he will commit another offense if his probation is terminated early. But I cannot find that Judge James abused her discretion in deciding that he should, nonetheless, serve the remainder of his probationary term. Salazar's appeal is OVERRULED and Judge James's decision is AFFIRMED.

**IT IS SO ORDERED.**

Dated: March 2, 2017

William H. Orrick
United States District Judge